IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


FLORIDA WILDLIFE FEDERATION,
INC., et al.,

      Plaintiffs,

v.                                                                                CASE NO. 4:12cv355-RH/CAS

UNITED STATES ARMY CORPS OF
ENGINEERS, et al.,

      Defendants.

_____/

## SOUTH FLORIDA WATER MANAGEMENT DISTRICT'S
## MOTION FOR LIMITED INTERVENTION

In light of the plaintiffs' voluntary dismissal of the State parties, the South Florida Water Management District (District) specially appears for the limited purpose of intervening to further advance its objection to this matter proceeding in its absence on the grounds set forth in the State Parties Motion to Dismiss. Dckt. No. 28. Intervention is also sought to, if necessary, appeal the denial, express or *de facto*, of the State parties' motion to stay all proceedings pending full consideration of its Rule 19(b) defense. Dckt. No. 29. Aside from those two narrowly tailored appearances, the District is seeking no relief and does not otherwise ask to generally appear or intend to waive its Eleventh Amendment protections from this suit.

### Background

1.     Plaintiffs sued the District and the Department of Environmental Protection (State parties) admitting they are necessary parties to the sole statutory state claim asserted in the complaint. Dckt. No. 1; see also § 373.433, Fla. Statutes. That claim seeks to enforce standards established, implemented and enforced by the State parties under a variety of state programs.

2.       As a threshold matter, the State parties invoked their Eleventh Amendment right not to be sued in federal court under these circumstances. Dckt. No. 28 (Joint Motion to Dismiss).

3.       The State parties' also asserted that, under Rule 19(b), this matter cannot equitably proceed in their absence because significant state interests may be impaired by the relief being sought and the defenses being raised by the Corps. *Id.*

4.       The State parties contemporaneously moved to stay all proceedings other than their motion to dismiss. Dckt. No. 29.

5.       On November 12, 2012, the court had entered an agreed upon briefing schedule that required plaintiffs to respond to the State parties' motion to dismiss by this Friday, December 21, 2012. Dckt. No. 24.

6.       Rather than responding to their motion to dismiss, on Tuesday, December 18th, plaintiffs filed notices of voluntary dismissal as to both State parties. Dckt. Nos. 37 and 38.

7.       While their actions have implicitly conceded the merits of the State parties' Eleventh Amendment defense, they appear designed to circumvent the State parties' ability to further their Rule 19(b) defense and to avoid having it timely heard.

8.       Without the District's intervention, the case will proceed in its absence, contrary to Rule 19(b), with the parties seeking orders that may impair or impeded the District's interests.

**Argument**

9.       Rule 24, Fed. R. Civ. Pro. provides intervention as of right to anyone who (1) claims an interest relating to the property or transaction that is the subject of the action and (2) is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests unless (3) existing parties adequately represent that interest.

10.     Each of those three elements that entitle the District to intervention as of right are present:

a.     Most tellingly, the state's legislature made the District a necessary party to this action. § 373.433, Fla. Statutes. If allowed to proceed, this suit requires the interpretation and application of state laws and rules implemented by the State parties. The subject of this action is the operation of three facilities that are inextricably intertwined with those state laws. Those interests are set forth in detail in the State parties' motion to dismiss which, rather than repeating, is hereby incorporated. Dckt. No. 28.  In short, the very interests that make it inequitable to proceed in the District's absence under Rule 19(b), Fed. R. Civ. Pro. sustain the District's right to intervene to assert the defense.

b.     Upon being dismissed, the District became so situated that it can no longer pursue its Rule 19(b) remedy. Rule 19(b) is the most appropriate mechanism available to protect the District's interests from possible adverse results in this proceeding.

c.     There is no argument that the District is adequately represented by the remaining parties since both State representatives are now gone. The federal government and the plaintiffs do not share the same substantial state concerns outlined in the motion to dismiss.

11.     Alternatively, Rule 24(b) allows for permissive intervention to present defenses that share common questions with the main action. The District's Rule 19(b) defense presents a questions of law and fact with the main action including (1) how state standards may be enforced through injunctive relief and (2) the extent federal sovereign immunity trumps the state's abatement statute, as well as others.

12.     Pursuant to Rule 24(c), the District incorporates the State parties' motions to dismiss and to stay as setting out the defenses for which intervention is sought.

13.     The District has conferred with the parties.  Counsel for defendant, the Army Corps of Engineers, who has authorized the District to represent that the Corps does not oppose the relief requested and does not expect to file any response. The plaintiffs oppose.

WHEREFORE, the District respectfully requests approval to specially appear for the limited purposes of advancing its rights under Rule 19(b) and to appeal, if necessary, any denial, *de facto* or otherwise, of its motion to stay.

Respectfully submitted,

Carolyn S. Ansay
General Counsel

By:   /s/ James E. Nutt
        JAMES E. NUTT
        Florida Bar No. 874868
        South Florida Water Management District
        3301 Gun Club Road MSC-1410
        West Palm Beach, Florida 33406
        (561) 682-6253
        (561) 682-6276 Facsimile
        jnutt@sfwmd.gov

        Attorneys for Defendant, South Florida
        Water Management District

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 20, 2012, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not yet authorized to electronically receive Notices of Electronic Filing.

  /s/ James E. Nutt
JAMES E. NUTT