**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

FLORIDA WILDLIFE FEDERATION, INC.
et al.,

       Plaintiffs,

v.                             CASE NO.  4:12cv355-RH/CAS

UNITED STATES ARMY CORPS OF
ENGINEERS et al.,

       Defendants.

_____/


**ORDER DISMISSING THE CLAIMS AGAINST
THE STATE DEFENDANTS AND DENYING THE
WATER MANAGEMENT DISTRICT'S
<u>MOTION FOR LIMITED INTERVENTION</u>**


       The plaintiffs filed this action against three defendants: the United States

Army Corps of Engineers, the Florida Department of Environmental Protection,

and the South Florida Water Management District.  The state defendants moved to

dismiss on grounds including Eleventh Amendment immunity.  Under the Eleventh

Amendment, a state or state agency cannot be compelled to defend claims in

federal court.  But there are exceptions.

Probably in response to the motion to dismiss, the plaintiffs filed a notice voluntarily dismissing their claims against the state defendants.  Whether a plaintiff can drop a defendant by a notice of voluntary dismissal or must instead amend the complaint makes no difference here; either way, I would approve the plaintiff's decision to go forward only against the Army Corps, abandoning any claims against the state defendants.  This does not constitute a ruling on whether the state defendants are indispensable parties.

Remarkably, the Water Management District, having first asserted it cannot be compelled to defend this case at all, now has moved to intervene, insisting that it has a *right* to intervene and that, even if it has no such right, it should be *permitted* to intervene.  The District says, though, that it wishes to make only a "limited" intervention, and that by intervening it will not be waiving its Eleventh Amendment immunity.  The District says it wishes to intervene so that it can invoke its immunity and thus have the claims against it dismissed.  So the District asks for what the plaintiffs have voluntarily agreed to do: drop the claims against the District.

A party who voluntarily chooses to litigate in federal court waives its Eleventh Amendment immunity.  The United States Supreme Court recently explained it this way:

> It would seem anomalous or inconsistent for a State both (1) to invoke federal jurisdiction, thereby contending that the "Judicial

power of the United States" extends to the case at hand, and (2) to claim Eleventh Amendment immunity, thereby denying that the "Judicial power of the United States" extends to the case at hand. And a Constitution that permitted States to follow their litigation interests by freely asserting both claims in the same case could generate seriously unfair results. Thus, it is not surprising that more than a century ago this Court indicated that a State's voluntary appearance in federal court amounted to a waiver of its Eleventh Amendment immunity. *Clark v. Barnard*, 108 U.S. 436, 447 (1883) (*State's "voluntary appearance" in federal court as an intervenor avoids Eleventh Amendment inquiry*). The Court subsequently held, in the context of a bankruptcy claim, that a State "waives any immunity . . . respecting the adjudication of" a "claim" that it voluntarily files in federal court. *Gardner v. New Jersey*, 329 U.S. 565, 574 (1947). And the Court has made clear in general that "where a State *voluntarily* becomes a party to a cause and submits its rights for judicial determination, it will be bound thereby and cannot escape the result of its own voluntary act by invoking the prohibitions of the Eleventh Amendment." *Gunter v. Atlantic Coast Line R. Co.*, 200 U.S. 273, 284 (1906) (emphasis added). The Court has long accepted this statement of the law as valid, often citing with approval the cases embodying that principle. *See*, *e.g.*, *College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd.*, 527 U.S. 666, 681, n. 3 (1999) (citing *Gardner*); *Employees of Dept. of Public Health and Welfare of Mo. v. Department of Public Health and Welfare of Mo.*, 411 U.S. 279, 294, and n. 10 (1973) (Marshall, J., concurring in result) (citing *Clark*); *Petty v. Tennessee–Missouri Bridge Comm'n*, 359 U.S. 275, 276 (1959) (citing *Clark*).

*Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 619 (2002) (first

emphasis added).

If the District wishes to intervene and thus to waive its Eleventh Amendment

immunity, it will be allowed to do so.  If the District wishes to address legal issues

as *amicus curiae*, it will be allowed to do so.  But the District will not be allowed

to intervene without waiving its Eleventh Amendment immunity.  The District

cannot eat its cake and have it, too.

In reaching this conclusion, I have not overlooked the District's assertion

that under the governing law, the plaintiffs will not be entitled to relief against the

Army Corps in an action with no state defendant and that the District—or another

state defendant—is an indispensable party.  The District apparently fears that if it

is not allowed to make a limited intervention, I will erroneously allow the case to

go forward without an indispensable party, or that I will ultimately grant relief that

is impermissible under the governing law.  But with or without the District as a

party, any further orders will take account of the law governing the indispensable-

party issue, other jurisdictional issues, and the merits.  And in any event, this order

leaves the case in exactly the same posture it would have been in had the plaintiffs

initially filed it only against the Army Corps.  The District can come aboard or not

as it chooses, but it cannot have it both ways.

For these reasons,

IT IS ORDER for ED:

1.     The plaintiffs' claims against the state defendants are voluntarily

dismissed without prejudice.  I do *not* direct the entry of judgment under Federal

Rule of Civil Procedure 54(b).  The case remains pending only against the Army

Corps.

2.     The South Florida Water Management District's motion, ECF No. 40, to expedite a ruling on its motion for limited intervention is GRANTED.

3.     The District's motion to intervene without waiving its Eleventh Amendment immunity, ECF No. 39, is DENIED.

4.     The state defendants' motion to stay, ECF No. 29, is DENIED AS MOOT.

5.     The state defendants' motion to dismiss, ECF No. 28, is DENIED AS MOOT.

SO ORDERED on December 21, 2012.

s/Robert L. Hinkle
United States District Judge