IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FLORIDA WILDLIFE FEDERATION,
INC., et al.,

      Plaintiffs,

v.                                      CASE NO. 4:12cv355-RH/CAS

UNITED STATES ARMY CORPS OF
ENGINEERS, et al.,

      Defendants.

_____/

## MOTION FOR RECONSIDERATION

The South Florida Water Management District (District) respectfully requests this honorable court to reconsider its order conditioning the District's right to intervene upon waiver of the very sovereign rights for which intervention is being sought to protect. Dckt No. 41. The court relied upon the general principle that voluntary invocation of federal jurisdiction waives a state's Eleventh Amendment immunity, citing the Supreme Court's decision in *Lapides*.[1] The District submits that general principle is not categorical and three reasons why it was not properly applied here.

First, the wavier rule applied in *Lapides* plainly does not apply to appearances that are solely to defend against a proceeding. Second, limited intervention is the appropriate and only remedy that remains available for objecting to proceeding without the State parties. Third, conditioning the District's right to limited intervention upon waiver of the very rights it seeks to defend is inequitable.

---

[1] *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613 ( 2002).

I.    **The litigation-conduct waiver rule applied in *Lapides* is inapplicable.**

A.    ***Lapides* applies only to inconsistent-litigation-conduct.**

In *Lapides* the Supreme Court merely applied an already well established waiver-by-litigation-conduct rule to bar the *inconsistent* use of federal jurisdiction (as a sword) and immunity (as a shield) in the same case. It narrowly concluded that Eleventh Amendment immunity had been waived where a state had consented to its removal to federal court. 535 U.S. 613. The Court found it "anomalous or inconsistent" for the state to claim, on one hand, that federal judicial powers extended to the case for purposes of removal while simultaneously claiming, on the other hand, that the Eleventh Amendment bars the court from proceeding. *Id.* at 619. Thus, the Court's objection was to "freely asserting *both claims* in the same case." *Id.* (emphasis supplied).

Indeed, the cases relied upon by the Supreme Court in *Lapides* universally involved similar *voluntary invocations* of federal jurisdiction *to adjudicate* claims before immunity was later raised as a defense. The most salient example for purposes of this case is *Clark v. Barnard*, which the Court cited for its holding that immunity was waived by a state's intervention to *claim a right* to disputed funds. 108 U.S. 436, (1883) (emphasis supplied). The Court cited *Gardner v. New Jersey*, for the related proposition that a state "waives any immunity ... respecting the adjudication of" a bankruptcy "claim" that it voluntarily files in federal court. 329 U.S. 565, 574 (1947). The Court's third example, *Gunter v. Atlantic Coast Line R. Co.*, was quoted in *Lapides* for the proposition: "where a state voluntarily become a party to a cause, and submits its rights for judicial determination, it will be bound thereby, and cannot escape the result of its own voluntary act by invoking the prohibitions of the 11th Amendment." 200 U.S. 273 (1906) (citing *Clark*, 108 U.S. at 447).

Since *Lapides*, courts have regularly resolved disputes over the types of litigation conduct that effectuate waiver by distinguishing voluntary appearances to adjudicate a matter and appearances compelled to defend against adjudication of a matter. The following cases each exemplify this distinction: *Consejo de Salud de la Comunidad de la Playa de Ponce, Inc. v. Gonzalez-Feliciano*, 695 F.3d 83, 104 (1st Cir. 2012) ("The Supreme Court's cases are as clear as they are consistent in holding that a State only waives its immunity under the Eleventh Amendment when it voluntarily entreats a federal court to adjudicate its rights"); *Bd. of Regents of Univ. of Wis Sys.v. Phoenix*, 653 F.3d 448, 466 (7th Cir. 2011) ("An animating principle of *Lapides* is that a state should not reap litigation advantages through its selection of a forum and subsequent assertion of sovereign immunity as a defense."); *R.I. Dep't of Env'l Mgmt. v. U. S.*, 304 F.3d 31, 50 (1st Cir. 2002) (immunity not waived despite filing suit in federal court because it was for the "sole and exclusive purpose of obtaining an immunity determination"); *Bergemann v. R.I. Dep't of Envtl Mgmt*, 665 F.3d 336, 343 (1st Cir. 2011) ("[T]he invocation of federal jurisdiction to enforce [Eleventh Amendment] immunity does not effect a waiver."); *Beckham v. Nat'l R.R Passenger Corp.*, 569 F. Supp. 2d 542 (D. Md. 2008) (immunity not waived by moving to transfer venue between federal courts before invoking immunity).

In contrast, the District has uncovered no case where a state waived immunity by appearing, through intervention or otherwise, in federal court—as the District has here—solely to prevent the inequitable adjudication of a case by the federal courts.

The Supreme Court has repeatedly admonished that the "test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985). As the above cases attest, implied waiver by litigation-conduct should only be found when the state's actions are clearly inconsistent with

immunity. At bottom, "[a] finding of waiver or consent through conduct in litigation is simply foreclosed where, instead of voluntarily invoking federal jurisdiction, a State does nothing more than zealously defend against the same whenever possible." *Consejo,* 695 F.3d at 105.

> **B.     The *Lapides* is wholly inapplicable here.**

Plaintiffs, not the District, invoked jurisdiction of this court. From the outset, the District steadfastly sought nothing but to extinguish these proceedings. To that end, the District initially moved for a stay pending resolution of two inextricably intertwined, threshold defenses raised by the State parties' motion to dismiss the complaint, namely that (1) the State parties are immune from this suit; and (2) it would violate the State's sovereign rights to proceed in its absence. Dckt No. 28.  Neither argument waived immunity.

When the plaintiffs dismissed the State parties, but not the entire case, the District wound up in the same position it would have been had the suit been filed only against the U.S. Army Corps of Engineers, i.e., unrepresented and unable to protect its interests. The District timely moved to intervene for the limited purpose of continuing pursuit of its argument against this case proceeding in its absence. Dckt No. 39.  As noted above and in the examples provided in the next part of this memorandum, such limited appearances in federal court, solely to prevent adjudications from impeding or impairing the state's interests, do not waive immunity.

At bottom, these circumstances place the District's intervention well outside the reach of *Lapides'* general rule of waiver by inconsistent litigation-conduct.

> **II.     Limited intervention under Rule 24 is the appropriate procedure to prevent this case from proceedings in the District's absence under Rule 19(b).**

There are abundant examples where absent sovereigns have intervened pursuant to Rule 24 for the limited purpose of effectuating dismissal under Rule 19(b) predicated upon their immunity from suit without imposing a more general waiver of immunity. *See e.g.*, *Ctr. for*

*Biological Diversity v. Pizarchik*, 858 F.Supp.2d 1221 (D. Colo. 2012) (The Navajo Nation intervened to dismiss plaintiff's complaint for failure to join a required party, namely the Nation, under Rule 19, Federal Rules of Civil Procedure); *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Norton*, 422 F.3d 490 (7th Cir. 2005) (same); *Evans v. U.S. Dept. of Interior*, 604 F.3d 1120 (9th Cir. 2010) (Tribes filed a motion to intervene . . . for the limited purpose of bringing a motion to dismiss for lack of an "indispensable" party (the Tribes)); *INVESCO Institutional (N.A.), Inc. v. Paas*, No. 3:07-CV-0175-R, 2008 WL 4858210 W.D.Ky. Nov. 7, 2008) (Non–party moved pursuant to Federal Rules of Civil Procedure 12(b)(7), 19(a)(1)(B) and 24(a) to intervene, to be declared an indispensable party and to dismiss); *Philips Domestic Appliances and Personal Care B.V. v. Salton, Inc.*, No. 04 C  0058, 2004 WL 417197 (N.D.Ill. Feb. 2, 2004), *rev'd on other grounds, Salton, Inc. v. Philips Domestic Appliances and Personal Care B.V.*, 391 F.3d 871 (7th Cir. 2004) (moved to intervene in that action for the limited purpose of presenting its motion to dismiss under Federal Rule of Civil Procedure 12(b)(7)); *Zych v. Unidentified, Wrecked and Abandoned Vessel, Believed to be the Seabird,* 746 F.Supp. 1334 (N.D.Ill.1990) (intervene to dismiss for Eleventh Amendment immunity).

### III.     Conditioning the District's ability to intervene and seek immediate dismissal upon waiver of its sovereign rights is also inequitable.

As discussed above, the District has properly followed those time honored procedures codified in Rules19 and 24 of the Federal Civil Rules of Procedure. Indeed, the State "is entitled to defend itself as earnestly as any other defendant, and to do so with all of the weapons in the arsenal of the Federal Rules of Civil Procedure." *Beckham* 569 F. Supp. at 554.  By contrast, the plaintiffs have sought an unfair advantage through their anomalous approaches toward the State parties. On one hand, the complaint concedes that the state parties are necessary. Yet, by

dismissing them and not the entire case, plaintiffs seek to soldier on without any state representation. Rule 19(b) renders their actions improper.

The court's order concedes that State's absence must eventually be addressed. But also denied as moot the only motions opposing further proceedings without the State—the State parties' motions to stay and dismiss. As such, the court terminated the process that would have ensured the State's concerns are timely and properly briefed and preserved. At a minimum, there is no longer any requirement for the remaining parties to respond or to otherwise address the State's absence before the court proceeds to determine other matters. The Corps has made clear in its partial opposition to a stay that they seek a ruling on the merits of their immunity defenses with or without the State's participation. Those proceedings themselves violate Rule 19(b) as they are likely to affect the State's interests. Absent intervention the District has no opportunity to be heard or preserve its objections.

Waiving immunity is not a tenable solution. The court has presented the District with a Sophie's Choice between waiving the very immunity upon which the District's Rule 19(b) defense is based or waiving the opportunity to participate as a party. In effect, the District is being forced to either abandon its Rule 19(b) defense or defend it from afar as amicus curiae.

Amicus curiae status—i.e., the ability to comment—is not a fair substitute for limited intervention—i.e., the right to be heard and preserve objections. This case provides a poignant example. The State parties' defenses remain live controversies. Yet, neither the remaining parties nor the court have any continuing obligation to address them. As amicus curiae, the District can only hope the court stays the case and dismisses it, *sua sponte,* before taking further action.

**Conclusion**

This matter should have ceased upon plaintiffs' voluntary dismissal of the State parties. The District respectfully requests this honorable court reconsider entertaining further proceedings to the contrary, to allow limited intervention, to revive the State parties motions to stay and dismiss, to require responses, for oral argument, and for any other relief it deems just and proper.

<div style="margin-left:40%">

Respectfully submitted,

Carolyn S. Ansay
General Counsel

By:   /s/ James E. Nutt
    JAMES E. NUTT
    Florida Bar No. 874868
    South Florida Water Management District
    3301 Gun Club Road MSC-1410
    West Palm Beach, Florida 33406
    (561) 682-6253
    (561) 682-6276 Facsimile
    jnutt@sfwmd.gov

    Attorneys for Defendant, South Florida
    Water Management District

</div>

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 4, 2013, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not yet authorized to electronically receive Notices of Electronic Filing.

<div style="margin-left:40%">

  /s/ James E. Nutt
JAMES E. NUTT

</div>