IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FLORIDA WILDLIFE FEDERATION,
INC., et al.,

    Plaintiffs,

v.                                                      CASE NO. 4:12cv355-RH/CAS

UNITED STATES ARMY CORPS OF
ENGINEERS, et al.,

    Defendants.
_____/

### REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION

Pursuant to the Court's Order granting leave (ECF No. 48), the South Florida Water Management District (District) replies in support of its Motion for Reconsideration. (ECF No. 43)

Plaintiffs' response (ECF No. 45) fails to address any of the several cases cited in the District's Motion for Reconsideration to clarify the proper scope of *Lapides*' waiver of immunity rule. In that motion, the District explained how courts have distinguished between appearances that waive immunity—those seeking affirmative adjudication of the sovereign's rights—and those limited appearances that do not effectuate a waiver—those seeking to prevent adjudication of the sovereign's rights in its absence. (ECF No. 43)

Plaintiffs do not challenge the District's elucidation of the law. They argue instead that the District is in fact seeking the adjudication of its rights and, thus, to gain the type of litigation advantage *Lapides* prohibits. The gravamen of their argument is an assertion that the District seeks a "*de facto* adjudication that it has a protectable legal right and interest in controlling water

1

releases as against the Corps." (Plaintiffs' Response at 2 (ECF No. 45)) That premise is incorrect.

The District relies upon the principles laid down by the Supreme Court in *Pimentel* to *avoid* adjudication of its interests in its absence. *Republic of Phillipines v. Pimentel*, 553 U.S. 851, 867 (2008). In *Pimentel*, the Court directed dismissal of the case where its adjudication posed a "*potential* for injury to the interests of the absent sovereign." *Id.* at 867 (emphasis supplied); *see* State Parties' Motion to Dismiss (ECF No. 28 at 3). The Supreme Court stressed that the court of appeals had "erred in undertaking to rule on the merits" of a "*non-frivolous*" sovereign claim. *Id.* (emphasis supplied). It explained that the "privilege [of sovereign immunity] is much diminished if an important and consequential ruling affecting the sovereign's substantial interest is determined, or at least assumed, by a federal court in the sovereign's absence and over its objection." *Id*. at 869-69. Thus, Rule 19(b), Fed. R. Civ. P., requires only for the sovereign to claim an interest and that the claim is not frivolous. As *Pimentel* informs, the validity of that claim need not—indeed cannot—be adjudicated in the sovereign's absence.

Plaintiffs do not argue the District's claims are frivolous. But understand that the Corps and the District "have asserted fundamentally inconsistent positions." (Plaintiff's Response at 2 (ECF NO. 45)) The District is only asking the court to recognize what the Plaintiffs have now acknowledged. The tension between these sovereigns' claims is palpable. Adjudication of either's authority over State waters would potentially diminish the rights and interests of the other. That accepted, neither sovereign claim should be adjudicated in either's absence.

At bottom, the Plaintiffs fail to recognize material differences between (1) intervention for the limited purposes of preventing the adjudication of a sovereign's putative interests, and (2) intervention to obtain judicial affirmation of such interests.

For reasons stated herein as well as those set forth in the District's motions for reconsideration, for limited intervention, to stay proceedings and to dismiss, the Court should grant intervention, reinstate the State parties' motions previously denied as moot, immediately cease proceedings, abstain from adjudicating the Corps' authority over State waters and dismiss this case without further action.

                                                      Respectfully submitted,

                                                      Carolyn S. Ansay
                                                     General Counsel

                                          By:  /s/ James E. Nutt
                                                JAMES E. NUTT
                                                Florida Bar No. 874868
                                                South Florida Water Management District
                                                3301 Gun Club Road MSC-1410
                                                West Palm Beach, Florida 33406
                                                (561) 682-6253
                                                (561) 682-6276 Facsimile
                                                jnutt@sfwmd.gov

                                                Attorneys for Defendant, South Florida
                                                Water Management District

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 1, 2013, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not yet authorized to electronically receive Notices of Electronic Filing.

                                                    /s/ James E. Nutt
                                                 JAMES E. NUTT