**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

FLORIDA WILDLIFE FEDERATION, INC.
et al.,

Plaintiffs,

v. CASE NO. 4:12cv355-RH/CAS

UNITED STATES ARMY CORPS OF
ENGINEERS et al.,

Defendants.

_______________________________________/

**ORDER INDICATING AN INTENT TO GRANT THE MOTION FOR RECONSIDERATION AND TO DISMISS THE CASE**

In this case the plaintiff environmental organizations seek declaratory and injunctive relief against the United States Army Corps of Engineers. The plaintiffs claim that the Army Corps is violating water-quality standards adopted by the State of Florida.

The Army Corps moved to dismiss based on sovereign immunity. The nonparty state agency charged with enforcing the water-quality standards in relevant respects—the South Florida Water Management District ("the District")—

moved to intervene for the limited purpose of asserting that the case should be dismissed.

An order was entered denying the motion to intervene but granting the District the ability to participate as amicus curiae. The District moved to reconsider. At oral argument on the motion to reconsider (and on the Army Corps' motion to dismiss), the District was heard in full on the merits of its position. In substance, the order denying intervention was reconsidered. Nonetheless, while the motions to dismiss and to reconsider were pending, the District filed a notice of appeal.

Upon consideration of all the submissions, including the District's, and with the benefit of oral argument, an order was entered on September 27, 2013, concluding that the case should be dismissed. This was the full relief the District requested. But the pending appeal made it improper to dismiss the case. So the order set out an indicative ruling. *See* Fed. R. Civ. P. 62.1; *see also* Fed. R. App. P. 12.1. As required by those rules, the order directed the Army Corps and the District, as the moving parties, to file with the Clerk of Court of the Court of Appeals a copy of the order setting out the indicative ruling.

The Clerk of Court of the Court of Appeals has issued a letter asking whether this court has entered an order or intends to enter an order on the motion to reconsider. The September 27 order was intended as an order addressing the

motion to reconsider to the full extent of the court's jurisdiction to do so. This order now clarifies that intent and responds to the letter from the Court of Appeals.

IT IS ORDERED:

1. The District's motion to reconsider, ECF No. 43, is GRANTED to the extent of this court's jurisdiction to grant the motion while the current appeal is pending. To the extent this court lacks jurisdiction, the court's intent is to grant the motion to reconsider if the case is remanded for that purpose. As set out in the order of September 27, 2013, ECF No. 61, the court's intent, upon reconsideration, is to dismiss the case, and to do so promptly upon remand for that purpose or upon resolution of the pending appeal.

2. The Clerk of Court of the Northern District of Florida must provide a copy of this order and the September 27 order to the Clerk of Court of the United States Court of Appeals for the Eleventh Circuit.

SO ORDERED on December 3, 2013.

s/Robert L. Hinkle
United States District Judge